PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  1:21-CR-521-1 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| TERRENCE L. JORDAN, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |
| | ) | [Resolving ECF No. 58] |

Pending before the Court is Defendant Terrence L. Jordan's Motion to Dismiss the Indictment (ECF No. 58).  Having reviewed the record and applicable law, Defendant's motion is denied.

## I.    Background

Defendant Terrence L. Jordan, and Defendant Damara Sanders were charged in an Indictment returned on July 14, 2021.  Defendant Sanders was arraigned last, on August 3, 2021. Neither Defendant moved to sever the case until July 14, 2022.  ECF No. 65.

On September 7, 2021, Defendant Jordan filed a Motion to Suppress (ECF No. 27) that Defendant Sanders joined.[1]  At the September 23, 2021, Final Pre-Trial Conference the Court heard oral argument on the suppression motion.  Near the conclusion of that hearing, Defendant Sanders' Attorney indicated that he had a trial conflict with the upcoming trial date.  The Court

---

[1] The Court denied Defendants' motion to suppress on October 20, 2021.  *See* ECF No. 36.

(1:21CR521-1)

discussed the matter on the record and indicated that it would not consider the issue further without speedy trial waivers.  *See* ECF No. 54 at PageID #: 270-73.  Those waivers were jointly filed at ECF No. 34.  After making an "ends of justice" finding, on September 29, 2021, the Court continued the trial date until January 24, 2022.  ECF No. 35.

In early January 2022, the Chief Judge issued an order suspending criminal trials[2], due to COVID-19, until February 11, 2022 and, during that same time, waivers of speedy trial rights were docketed for both Defendants.  *See* ECF No. 38-1; ECF No. 40.  Relying on the General Order, the Court made another "ends of justice" finding (ECF No. 41) and continued the Trial until May 9, 2022.  *See* ECF No. 41 at PageID #: 189; Amended General Order 2020-08-10 (January 6, 2022).

On April 14, 2022, citing important district-wide work that conflicted with the May 9, 2022 Trial date, the Court made a *sua sponte* "ends of justice" finding and continued the Trial until August 8, 2022 at ECF No. 46.

On June 17, 2022, Defendant Jordan's counsel filed the instant motion, ECF No. 58, arguing that the indictment should be dismissed with prejudice because Defendant's attorney waived his speedy trial rights without his consent, making the continuances unlawful.  Specifically, Defendant Jordan argues that the two speedy trial waivers filed on his behalf, ECF Nos. 34-2, 40, were made without his knowledge or consent.  In its response, the government argues that regardless of Defendant Jordan's consent the Court had sufficient justification to continue the trial through the "ends of justice" mechanism.  ECF No. 60.

---

[2] The General Order made exceptions for "extraordinary circumstances."

(1:21CR521-1)

## II.    Standard of Review

The Constitutional right to a speedy trial is established in Sixth Amendment.

U.S. CONST. amend. VI. (providing that"[i]n all criminal prosecutions, the accused shall enjoy

the right to a speedy ... trial."). This right was codified and expanded by the Speedy Trial Act.

18 U.S.C. §§ 3161–3174.

Under the Act, a trial must begin within 70 days from the date of the indictment or

information is made public, or from the first appearance, whichever is later.  18 U.S.C. §

3161(c)(1).  The speedy trial computation used for cases with more than one defendant is the

calculation of the latest co-defendant."  *United States v. Culpepper*, 898 F.2d 65, 66–67 (6th Cir.

1990).

The Speedy Trial Act allows for a continuance under 18 U.S.C. § 3161(h)(7)(A)

whenever the judge finds "that the ends of justice served by taking such action outweigh the best

interest of the public and the defendant in a speedy trial."  *United States v. White*, 920 F.3d 1109,

1115 (6th Cir. 2019).  The Court has wide latitude in deciding how to exercise its discretion in

applying the ends-of-justice provision.  *United States v. Stewart*, 628 F.3d 246, 253 (6th Cir.

2010).  However, the Court must make express findings on the record otherwise there can be no

exclusion.  *Zedner v. United States*, 547 U.S. 489, 500 (2006).  Those express findings must first

specifically consider the three-pronged interests relevant to the Act including (the interests of

defendant, the government, and the public).  *See* 18 U.S.C. §§ 3161(h)(7)(A); 3161(h)(7)(B).

## III.    Analysis

The Speedy Trial (70-day) statutory clock, began on August 3, 2021, the day that

Defendant Sanders was arraigned on the Indictment.  Defendant Jordan's Motion to Suppress

(1:21CR521-1)

was filed on September 7, 2021, meaning that 35 days of speedy trial time had passed.  The parties agree that the pending motion stopped the speedy trial clock and tolled the running of the clock for 35 days.  *See* § 3161(h)(1)(D); *United States v. Tinklenberg*, 563 U.S. 647 (2011)(finding that § 3161(h)(1)(D) stops the speedy trial clock from running automatically upon the filing of a pretrial motion).  The speedy trial clock continued to be tolled by Orders of the Court, *i.e.*, September 29, 2021, January 13, 2022, and April 14, 2022, discussed above.  Therefore, the only way the speedy trial clock would have elapsed, would be if one or more of those continuances were unlawful.

Defendant Jordan argues that because he did not consent to waive his rights that the continuances were unlawful.  However, a Defendant's agreement to waive his protections is neither a necessary, nor a sufficient condition for the Court to impose an "ends-of-justice" continuance.  *See Zedner,* 547 U.S at 500–01.  Meaning that even in cases in which a defendant's attorney waived the defendant's speedy trial rights without the defendant's knowledge or consent, an extension can still be justified under the Speedy Trial Act's "ends of justice" mechanism.  *United States v. Sobh*, 571 F.3d 600, 603 (6th Cir. 2009) (finding that [the Act] does not require a defendant's consent to the continuance if the judge granted such continuance based on findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial).

The question of whether the Defendant Jordan effectively waived his speedy trial rights is a question of fact the Court need not resolve at this time.[3]  The more pertinent question is

---

[3] While the question of whether Defendant's Attorney signed Defendant Jordan's name without Defendant Jordan's knowledge or consent is one the Court need not resolve

(1:21CR521-1)

whether any of continuances were unlawful under the Speedy Trial Act.  To that end, the Court

reviews each continuance for legal sufficiency.

### A.  September 29, 2021 Continuance

In the September 29, 2021 Order (ECF No. 35), the Court undertook an analysis

considering the factors in 18 U.S.C. § 3161(h)(7)(B) and noted that co-Defendant Sander's

counsel had a conflict with the trial date and found that "the ends of justice served by granting

Defendant's motion in the instant matter outweighs the best interests of the public and Defendant

in proceeding more Speedily."  ECF No. 35 at PageID#: 168.  The Court then continued the trial

until January 24, 2022.  *Id*.  Regardless of whether Defendant Jordan waived his speedy trial

rights, the Court justified moving the trial due to a conflict with co-Defendant's counsel.

Therefore, the first continuance of the trial was legally sufficient.

### B.  January 13, 2022 Continuance

In an Order issued January 13, 2022, the Court *sua sponte* continued the trial date until

May 9, 2022.  ECF No. 41  In that ruling, the Court articulated that the trial scheduled to

commence on January 24, 2022 was continued in reliance on the General Order (issued on

January 6, 2022) which suspended jury trials until February 11, 2022 absent "extraordinary

circumstances as determined by the presiding judge."[4]  *See* ECF No. 41 at PageID #: 189;

Amended General Order 2020-08-10 (January 6, 2022).  Specifically, the Court stated:

---

at this time, it presents a serious allegation that Defendant Jordan may pursue *via* different
channels.

[4]  Suffice it to say no party presented "extraordinary circumstances" for the jury trial to proceed
during that time of suspension.  Rather, both Defendant's had previously submitted waivers of
speedy trial (ECF Nos. 38-1 and 40) consenting to continuance of the January 24, 2022 trial,
albeit for other reasons.  *See* ECF No. 41 (stating "Defendant Terrence L. Jordan's Unopposed

(1:21CR521-1)

> "Having considered the factors above and finding that no prejudice results from continuing the January 24, 2022 trial date pursuant to Amended General Order 2020-08-10, the Court finds that the ends of justice served in continuing the Trial date in the instant matter outweighs the best interests of the public and Defendants in proceeding more speedily."

*Id.*  Additionally, the Sixth Circuit has ruled that continuances based on a General Order related to COVID-19 are legally justified.  *See United States v. Roush*, No. 21-3820, 2021 WL 6689969, at *2 (6th Cir. Dec. 7, 2021), *cert. denied*, 142 S. Ct. 1187 (2022) (finding that a valid reason for continuing a trial includes General Orders related to the ongoing COVID-19 pandemic).

### C.  April 14, 2022 Continuance

Lastly, on April 14, 2022, the Court continued trial because the Court had to engage in important district-wide work that conflicted with the date (May 9, 2022) trial was scheduled to commence.  ECF No. 46 at PageID #: 201.  In analyzing factors outlined in 18 U.S.C. § 3161(h)(7)(B), the Court stated:

> "Having considered the factors above and finding that no prejudice results from continuing the Trial date to allow the Court to address its district-wide work, the Court finds that the ends of justice served in continuing the Trial date in the instant matter outweighs the best interests of the public and Defendants in proceeding more speedily."

*Id.*  Ultimately, the Court continued the trial from May 9 until August 8, 2022.  *Id.*  In making that ruling, the Court properly considered the factors necessary and determined that "the ends of justice served in continuing the trial outweighed the best interests of the public and Defendants in proceeding more speedily."  *Id.*  Therefore, this third continuance was also legally sufficient.

---

Motion to continue Final Pretrial, ECF No. 37, and Defendant Damara Sanders' Unopposed Motion to Continue Pretrial and Trial Dates, ECF No. 38, are denied as moot.").

(1:21CR521-1)

Overall, the Court appropriately exercised its authority to continue the trial.  Each time, the Court continued the trial only after careful analysis of the proper factors.  Regardless of Defendant Jordan's consent but while considering each Defendants' rights to a speedy trial, the Court acted within its authority.

## IV.    Conclusion

As explained above,[5] the continuances of trial have been lawful.  Accordingly, there has not been a violation of the Speedy Trial Act.

Defendant's Motion (ECF No. 27) is denied.

IT IS SO ORDERED.

July 15, 2022                                                  /s/ Benita Y. Pearson
Date                                                          Benita Y. Pearson
                                                             United States District Judge

---

[5] And as also articulated in Government's response:

"Defendant's filing of its Motion to Suppress [] tolled the speedy trial clock resulting in 35 days of speedy trial time passing.  After the tolling of the speedy trial clock by Defendant, the speedy trial clock continued to remain tolled by the Order of Continuance issued by the Court on September 24, 2021 based on a motion by Co-Defendant and joined by Defendant to continue the trial due to a conflict.  Further, as of the time of Order to Continuance on September 24, 2021, the Defendant's Motion to Suppress had still not been ruled upon and was not decided until October 20, 2021.  The speedy trial clock has since remained tolled based on Orders of Continuance issued by the Court based upon the COVID-19 Pandemic and District-wide work."
ECF No .60 at Page ID #: 292.