# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21-CR-00521 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| TERRENCE L. JORDAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Now comes the United States of America, by and through counsel, Michelle M. Baeppler, First Assistant United States Attorney, and Colleen Egan and Bryson N. Gillard, Assistant United States Attorneys, and respectfully submits its trial brief.

## I. FACTS

The government expects to show the following facts at trial:

On June 10, 2021, an Ohio State Trooper stopped a rental vehicle speeding on the interstate. The vehicle was driven by Damara Sanders with Terrence L. Jordan as front seat passenger. Sanders was the renter of the vehicle, which had been rented in Florida. A narcotics k9 was requested and alerted to an odor of a narcotic from the vehicle. Sanders was removed from the vehicle and dropped a baggie of a crushed-up pill from her pocket. A lab analysis found the crushed pill to weigh 0.664 grams and contain Flurofentanyl, a schedule I substance.

While law enforcement was searching the vehicle, Jordan gave Sanders the key to a safe in the vehicle, which Sanders concealed inside her pants. Law enforcement found two pill presses in the vehicle along with scales, and a safe which contained two firearms, paperwork for Jordan and a bag of pills. The pills were found to weigh 70.3645 grams and contain

Flurofentanyl, a schedule I substance, which is a distribution amount. The firearms were both loaded and stored with the fentanyl inside the safe.

Jordan was previously convicted of Statutory Sexual Assault on or about October 24, 2007 in case number CP-25-CR-0001731-2007 in the Erie County Court of Common Pleas. The firearms affected interstate commerce as it was not manufactured in the State of Ohio.

## II. CONTROLLING LAW

The Indictment sets forth the controlling law and states as follows:

<u>COUNT 1</u>
(Felon in Possession of Firearms, 18 U.S.C. §§ 922(g)(1) and 924(a)(2))

The Grand Jury charges:

On or about June 10, 2021, in the Northern District of Ohio, Eastern Division, Defendant TERRENCE L. JORDAN, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, that being: Statutory Sexual Assault, on or about November 30, 2007, in Case Number CP-25-CR-0001731-2007, in the Court of Common Pleas of Erie County, Pennsylvania, knowingly possessed in and affecting interstate commerce firearms, to wit: a Bersa Pistol, .380, bearing serial number 637932; and a Smith and Wesson Shield, 9mm pistol, bearing serial number HNU0515, said firearms having been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

COUNT 2
(Possession with Intent to Distribute a Controlled Substance,
21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

On or about June 10, 2021, in the Northern District of Ohio, Eastern Division, Defendants TERRENCE L. JORDAN and DAMARA SANDERS did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of flourofentanyl, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT 3
(Possession of a Firearm in Furtherance of a Drug Trafficking Offense,
18 U.S.C. § 924(c)(1)(A)(i))

The Grand Jury further charges:

On or about June 10, 2021, in the Northern District of Ohio, Eastern Division, Defendants TERRENCE L. JORDAN and DAMARA SANDERS did knowingly possess firearms, specifically, a Bersa Pistol, .380, bearing serial number 637932; and a Smith and Wesson Shield, 9mm pistol, bearing serial number HNU0515, in furtherance of a drug trafficking crime for which he/she may be prosecuted in a court of the United States, that is, Possession with the Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), as charged in Count 2 herein, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

### III. STIPULATIONS

At this time, the parties anticipate the following stipulations:

(1)   The United States and the Defendant, Terrence L. Jordan, have agreed and stipulated that prior to the date of the crime charged in the indictment, the Defendant, Terrence L. Jordan,

was convicted of a crime punishable under the laws of the State of Ohio by a term of imprisonment exceeding one year and the Defendant, Terrence L. Jordan, had knowledge of this conviction.

(2)  The United States and the Defendants, Terrence L. Jordan and Damara Sanders, have further agreed and stipulated that the Bersea Pistol, .380, bearing serial number 637932, and Smith and Wesson Sheild, 9mm pistol, bearing serial number HNU0515, were manufactured outside the state of Ohio, and therefore traveled in and affected interstate commerce.

## IV. EVIDENTIARY QUESTIONS AND OTHER LEGAL ISSUES

### A. ADMISSIBILITY OF RECORDINGS AND TRANSCRIPTS

The United States will introduce audio and video recordings of conversations between the defendants. A synched transcript may be offered as a jury aid to be used while the recordings are being played. The government may seek to admit the transcripts as exhibits for the jury.[1] The Sixth Circuit reviewed the standards for admission of "composite" tape recordings and transcripts in the cases *United States v. Scarborough*, 43 F.3d 1021, 1024 (6th Cir. 1994) and *United States v. Segines*, 17 F.3d 847, 854 (6th Cir. 1994).[2] As noted in *Scarborough* at 1024:

---

[1]  Even absent a stipulation by the parties, the Sixth Circuit has repeatedly affirmed the validity of this procedure, so long as there is a preliminary foundation as to the preparation and accuracy of the transcripts. *United States v. West*, 948 F.2d 1042, 1044 (6th Cir. 1991). This is so, especially when accompanied by a cautionary instruction that the recording, and not the transcript, is the evidence to be considered by the jury. See Pattern Criminal Jury Instructions, U.S. Sixth Circuit District Judges Association (2019), Section 7.17. In the instant case, a reviewing agent has compared the transcripts with the recorded conversations and will testify that the transcripts are a fair and accurate transcription of the various conversations.

[2]  A "composite" recording is one in which only relevant portions of a conversation are presented with the non-pertinent portions of the conversation being removed. The government may admit only excerpts of some recordings, but will make clear when the recordings have been excerpted.

"It is well settled that the admission of tape recordings at trial rests within the sound discretion of the trial court." *United States v. Robinson*, 707 F.2d 872, 876 (6th Cir. 1983). In order to be admissible the district court must determine whether the tapes are "audible and sufficiently comprehensible for the jury to consider the contents." *Robinson*, 707 F.2d at 876. The district court abuses his discretion only "where the unintelligible portions of a tape recording are so substantial that the recording as a whole is rendered untrustworthy." *United States v. Scaife*, 749 F.2d 338, 345 (6th Cir. 1984).

The admission of audio and video recordings in evidence is subject to the rules of evidence generally. Accordingly, a proper foundation must be laid for their admission, and the recordings must be relevant and not privileged. Where practical, the original recordings should be used, pursuant to Fed. Rule 1002, and when telephone conversations are involved, evidence should be offered as to the correct telephone number, Rule 901(b)(6). *United States v. Watson*, 594 F.2d 1330, 1335 (10th Cir.), *cert. denied, Brown v. United States*, 444 U.S. 840 (1979). However, under Fed. Rule 1003, a duplicate is admissible to the same extent as an original unless there is a genuine question about the authenticity of the original or it would be unfair to admit the duplicate. The Sixth Circuit has discussed what necessary foundation for a tape recording is:

> While we have not in our prior cases indicated precisely what foundation is necessary to admit audiotapes where the challenge is to their admission generally, other circuits have alternately held that the district court must be satisfied that the recording is accurate, authentic, and generally trustworthy, that simply required is proof that the tape recording accurately reflects the conversation in question, or that a proper foundation may be established in two ways: a chain of custody… or alternatively, other testimony could be used to establish the accuracy and trustworthiness of the evidence.

*United States v. DeJohn*, 368 F.3d 533, 542 (6th Cir. 2004) (citations and quotation marks omitted).

B. THE JURY SHOULD NOT BE INFORMED OF THE CONSEQUENCES OF ITS VERDICT.

If convicted in this case, Defendants face a mandatory term of imprisonment. Defendants may endeavor to educate the jury on the potential ramifications of a guilty verdict in this case with the hope of obtaining jury nullification. The Sixth Circuit has firmly rejected such a strategy: "[U]nless juries have roles in sentencing, such as in capital sentencing proceedings, juries should be instructed not to consider defendants' possible sentences during deliberation." *United States v. Chesney*, 86 F.3d 564, 574 (6th Cir. 1996). *See also United States v. Stotts*, 176 F.3d 880, 886 (6th Cir. 1999) ("the Supreme Court has held that juries should be instructed not to consider a defendant's possible sentence unless the jury has a specific role in sentencing"). The Supreme Court explained the reasoning behind insulating the jury from possible penalties in a case.

> The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.

*Shannon v. United States*, 512 U.S. 573, 579 (1994). Accordingly, Defendants should not be permitted to distract and confuse the jury by inviting the jury to decide the issue of guilt with the knowledge of this sentencing issues or collateral immigration consequences.

The Government moves this Court, *in limine*, to prohibit Defendants from eliciting any testimony or making any argument that may directly or indirectly inform the jury of sentencing

options or endeavor to engender sympathy for either Defendant. In so moving, the Government is asking the Court to direct counsel to conduct such examination so as to truly question about bias and not merely inform the jury of the potential sentences Defendants faces.

## V. ANTICIPATED LENGTH OF TRIAL

The United States estimates that its presentation of evidence during trial will last approximately three days.

## VI. GOVERNMENT REPRESENTATION AND SEPARATION OF WITNESSES

The United States respectfully requests that this Court issue a separation-of-witness order pursuant to Federal Rule of Evidence 615 and designates ATF TFO Adam Anderson as its representative in this case to be present at counsel table throughout the trial. His presence in the courtroom during trial is essential to the presentation of the United States' case. See FED. R. EVID. 615(b) (specifically excluding from a sequestration order "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney"); FED. R. EVID. 615(c) (providing an additional exception for essential witnesses).

## VII. OTHER ISSUES

None

                                Respectfully submitted,

                                MICHELLE M. BAEPPLER
                                First Assistant United States Attorney

By:   /s/ Colleen Egan
        Colleen Egan (OH:0083961)
        Bryson N. Gillard (NY: 5415864)
        Assistant United States Attorney
        Federal Building
        2 South Main Street, Room 208
        Akron, OH 44308
        Tel.: (330) 761-0516/(216) 622-3925
        Colleen.Egan@usdoj.gov
        Bryson.Gillard@usdoj.gov